## In re HAGEMAN et al.

(District Court, E. D. Pennsylvania. December 8, 1914.)

### No. 4934.

**1. SHERIFFS AND CONSTABLES (§ 29*) — FEES — SALE OF PROPERTY — DISTRESS WARRANT—STATUTES—REPEAL.**

Act Pa. April 3, 1872, § 2 (P. L. 772), providing that the fee for collection of rent by distress, or otherwise, to be charged to the landlord apart from the commissions allowed by law, shall be 5 per cent. on the amount actually collected, was repealed by Act Pa. Feb. 17, 1899 (P. L. 3), providing that the fees of a constable for selling goods levied or distrained should be, for each dollar not exceeding $100, three cents, and for each dollar in excess of $100 two cents, and repealing inconsistent acts.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 46; Dec. Dig. § 29.*]

**2. BANKRUPTCY (§ 267*)—DISTRESS WARRANT—SALE OF GOODS—CONSTABLE'S FEES.**

Where a tenant's goods were levied on under distress warrant by a constable, but the landlord's proceedings were stayed by bankruptcy proceedings against the tenant, and the goods were subsequently sold, not by the constable, but by the receiver in bankruptcy, the constable was not entitled to payment of fees for a sale out of the proceeds.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 371, 380; Dec. Dig. § 267.*]

**3. SHERIFFS AND CONSTABLES (§ 44*)—FEES—DISTRESS—SALE OF GOODS.**

Act Pa. May 26, 1891 (P. L. 122), provides that, where a tenant makes an assignment for the benefit of creditors, the landlord shall be first entitled to receive, out of the proceeds of a sale of the goods liable to distress, the rent due at the time of the assignment, provided, if the proceeds of the sale shall not be sufficient to pay the landlord and the costs of the assignment, the landlord shall be entitled to the proceeds after deducting so much for costs as he would be liable to pay on a sale under distress. *Held*, that where a sale of a tenant's goods is made, and the proceeds are insufficient to pay the rent and costs, then there is to be deducted from the amount payable to the landlord the sum he would be required to pay on a sale under distress, but there is nothing to authorize a deduction to be paid to a constable having made a distress levy, but who has not made a sale.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 68; Dec. Dig. § 44.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Elias Hageman and another, individually and as copartners, trading as the Pennsylvania Bedding Company, bankrupt. On certificate for review of a referee's order denying a constable's claim for commissions for property levied on under distress warrant, but sold by receiver in bankruptcy. Affirmed.

Lionel Teller Schlesinger, of Philadelphia, Pa., for claimant.
George G. Cookman, of Philadelphia, Pa., for trustee.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

THOMPSON, District Judge. [1, 2] The order which is before the court for review is based upon the facts and conclusions of law set out in the referee's opinion, which is as follows:

"In this case, before the petition in bankruptcy was filed, the constable, under a landlord's warrant, had made distraint on all the goods of the bankrupts. Soon after this distraint was made, and before a sale, creditors filed a petition against the bankrupts, and a receiver was appointed by the court. The court also upon petition entered an order restraining the landlord and the constable from further proceedings upon the distraint. Afterwards an order was obtained directing the receiver to sell, and all the goods on the premises, except goods which belonged to others than the bankrupts, were sold by the receiver, and this sale was confirmed by the court. The proceeds of the receiver's sale amounted to $3,400. The amount of the rent for which distraint was made was $1,714.01.

"The constable claims commissions of three cents for each dollar not exceeding $100 and for each dollar in excess of $100 two cents, amounting to $35.28, under Act of Assembly of February 17, 1899 (P. L. 3), and 4 Supp. to P. & L. Digest, p. 1001, and also commissions of 5 per cent. on the amount actually collected, amounting to $85.70, under Act of Assembly of April 3, 1872 (P. L. 772) § 2, 1 P. & L. Dig. p. 2644, making his total claim for commissions $120.98. It appears that, after the receiver had made his sale, certain goods belonging to others were left on the premises, and counsel for the receiver obtained an order of court vacating the original restraining order as to those goods, and the constable thereupon sold the same. From this sale the constable realized the sum of $59.50, which he has credited against the commissions he claims on the sum of $1,714.01, the amount of the rent due for which distraint was made.

"The act of February 17, 1899, is an act, according to its title, to fix, regulate, and establish the fees to be charged and received by constables in this commonwealth. In the first section of said act provision is made by numerous items for the fees of constables. One of the paragraphs of said section is as follows: 'For selling goods levied or distrained, for each dollar not exceeding one hundred dollars, three cents, and for each dollar in excess of one hundred dollars, two cents.' Section 2 of this act provides as follows: 'All acts or parts of acts inconsistent herewith are hereby repealed; but this act shall not be understood or construed to repeal, modify or affect the provisions of the following acts.' And then follows a recital of certain acts not repealed. In this recital the act of April 3, 1872, is not included.

"Act April 3, 1872 (P. L. 772) § 2, provides that the fee for collection of rent by distress or otherwise, to be charged to the landlord, apart from the commissions allowed by law, shall be 5 per cent. upon the amount actually collected. In this case the constable did not make collection from the sale of the goods of the bankrupts. He did not sell the goods of the bankrupts upon which he had levied or distrained. The act of 1899 allows fees to the constable for selling goods levied or distrained; that is, the constable is compensated for crying the sale, for the conduct of the sale, and for collecting and disbursing the amount of the sale. How can it be said that where the constable does not sell he is entitled to receive the fees prescribed by the act for selling?

"The act of April 3, 1872, under which the constable claims 5 per cent. for collection of rent by distress, provides that this shall be paid on the amount actually collected. In this case the constable did not collect the rent, or any part of it. The act of 1899 fixes, regulates, and establishes the fees of constables, and repeals all acts or parts of acts inconsistent therewith, and the act of 1872 is repealed by the act of 1899. If the act of 1872 is not repealed by the act of 1899, the constable did not collect the rent, and is not entitled to receive 5 per cent. on the amount actually collected. The sale was made under an order of the court by its own officer, the receiver.

"The claim of the constable for commissions for selling and collecting is not sustained. It is ordered that the claim of the constable for commissions for selling and collecting be dismissed."

[3] It is contended by counsel for the petitioner that the constable is entitled to the commissions claimed before the referee in view of the Pennsylvania act of May 26, 1891 (P. L. 122), which provides as follows:

"That in all cases where a tenant or tenants shall make any assignment for the benefit of creditors, of goods and chattels, upon demised premises and which are liable to distress by the landlord for rent, the landlord shall be first entitled to receive, out of the proceeds of the sale of such goods and chattels by the assignee or assignees, any sum or sums of money due him for rent of such demised premises at the time of the making of such assignment, not exceeding one year's rent: Provided, that if the proceeds of the sale by' the assignee or assignees shall not be sufficient to pay the landlord and the costs of the assignment, the landlord shall be entitled to receive the proceeds of sale, after deducting so much for costs as he would be liable to pay in case of a sale under distress."

It is argued that the language of the proviso of the act indicates an intent in the Legislature that, where an assignee sells, the constable shall receive his costs as in case of a sale by him under distraint. Upon examination of the act it is apparent that this construction is erroneous, and that the act has no application to the present controversy. The intent of the act is that, if the proceeds upon a sale by an assignee are sufficient to pay the rent due the landlord and the costs of the assignment, the landlord shall be paid in full. If not sufficient to pay both, there shall be deducted the amount which the landlord would be liable to pay in case of a sale under distress, and the landlord shall receive the balance. The object of the act is apparently to put into the hands of the assignee the amount of the expense to which the landlord would have been put if he had been obliged to obtain his rent through the constable or other officer selling under distress, and to pay the landlord only the amount he would have received under those circumstances. This was the construction put upon the act in the case of Lane v. Washington Hotel Co., 190 Pa. 230, at page 236, 42 Atl. 697, at page 699, where Mr. Justice Dean says:

"The first section of the act of May 26, 1891, directs that, where the fund in the hands of the tenant's assignee is not sufficient to pay the landlord's rent and the costs of assignment, so much of the costs shall be deducted from the rent as the landlord would have been subject to had he made sale under a distress. Although this provision cannot in its precise terms be made applicable to a receiver, we deem it in all respects equitable, and direct that it be adopted in making distribution of this fund."

There is no langueg in the act which can be construed as meaning that in any case the amount so deducted shall be paid to a constable who has not earned any commissions by a sale. The referee's conclusions in construing the acts of 1872 and 1899 are based upon sound reason, and it is ordered that the petition be dismissed, and the referee's order of October 7, 1914, affirmed.